IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| DAVID D. MILLER, | * | |
| *Plaintiff*, | * | |
| vs. | * | Civ. Action No.: 3:12-CV-220[LEK/DEP] |
| FORSTER & GARBUS LLP | * | |
| and | * | |
| DOES 1-10, inclusive, | * | |
| *Defendants*. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Now comes David D. Miller, ("Plaintiff"), by and through his attorney, E. David Hoskins and The Law Offices of E. David Hoskins, LLC, and for his Complaint against Defendants, Forster & Garbus LLP and Does 1-10, Plaintiff alleges and states as follows:

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, *et seq*. (hereinafter "FDCPA").

2. This action arises out of Defendants' violation of the FDCPA in their illegal efforts to collect a consumer debt.

3. The Plaintiff alleges that the collection practices of Defendant, Forster & Garbus LLP ("Forster") violate the FDCPA. These collection practices include:

1

    a. Bringing a legal action to collect the debt against the consumer in a location other than (1) where the contract was signed or (2) where the consumer resides;

    b. Engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff;

    c. Using unfair or other unconscionable means to collect or attempt to collect the alleged debt after it been fully satisfied; and

    d. Attempting to collect an amount not permitted by law.

  4. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a). Congress also found that existing laws and procedures for redressing debt collection activities were inadequate to protect consumers. 15 U.S.C. §1692(b). Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. §1692(e).

  5. The FDCPA is a comprehensive statute that prohibits a catalog of

activities in connection with the collection of debts by third parties. The FDCPA imposes civil liability on any person or entity that violates its provisions and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. §1692*k*. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

6.     The FDCPA is a strict liability statute that provides for actual or statutory damages upon the showing of one violation. The Second Circuit and other federal courts have held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993); *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168 (11th Cir. 1985); *Graziano v. Harrison*, 950 F.2d 107 (3rd Cir. 1991); *Swanson v. Southern Oregon Credit Service, Inc.*, 869 F.2d 1222 (9th Cir. 1988). The FDCPA was not "made for the protection of experts, but for the public -- that vast multitude of which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." *Id*. The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and

3

protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices." *Clomon v. Jackson*, 988 F.2d at 1318.

7. The FDCPA is a remedial statute that is construed liberally in favor of the debtor. *Sprinke v. SB&C, Ltd.*, 472 F. Supp. 2d 1235 (W.D. Wash. 2006); *Clark v. Capital Credit & Collection Services, Inc.*, 460 F.3d 1162 (9th Cir. 2006); *Johnson v. Riddle*, 305 F.3d 1107 (10th Cir. 2002).

8. To prohibit harassment and abuses by debt collectors, the FDCPA, at 15 U.S.C. §1692*i*, provides that a debt collector who brings any legal action on a debt against a consumer shall bring such action only in the jurisdiction in which the consumer resides at the time of the commencement of the action or where the consumer signed the contract sued upon.

9. To prohibit harassment and abuses by debt collectors, the FDCPA, at 15 U.S.C. §1692*d*, provides that a debt collector may not engage in any conduct, the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt and names a non-exhaustive list of certain per se violations of harassing and abusive collection conduct. 15 U.S.C. §1692*d*(1)-(6).

10. To prohibit deceptive practices by debt collectors, the FDCPA, at 15 U.S.C. §1692*f*, provides that a debt collector may not use unfair or unconscionable means to collect or attempt to collect a debt and names a non-exhaustive list of certain per se violations of harassing and abusive collection conduct. 15 U.S.C. §1692*f*(1)-(8).

## **JURISDICTION AND VENUE**

11. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692$k$(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this court original jurisdiction over the federal claims contained herein.

12. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

13. Venues lies properly in this district pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to the claim occurred within this District.

## **PARTIES**

14. Plaintiff is a natural person who was at all relevant times residing in Tioga County, New York.

15. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692$a$(3), as he is a natural person, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. § 1692$a$(5).

16. Defendant, Forster is a for-profit limited liability partnership organized and existing pursuant to the laws of the State of New York, and maintaining its principal business address at 60 Motor Parkway, Commack, New York 11725. Forster does business as "Forster and Garbus, LLP" and "Forster & Garbus LLP A New York Law Firm." Forster maintains a bill collecting website at www.fgny.com.

17.  At all relevant times, Forster acted as a "debt collector" within the meaning of 15 U.S.C. §1692*a*(6), in that it held itself out to be a company collect8ing a consumer debt allegedly owed by Plaintiff. From 1970 to the present, Forster has exclusively practiced collection law. Forster claims that it was one of the first New York law firms to adopt a totally automated legal collection system. This automated collection system is primarily staffed by in house computer programmers and information and technology staff. Forster collects debts from a 45,000 square foot facility located in Commack, New York.

18.  Defendant Forster regularly attempts to collect debts alleged to be due another, and uses the United States Mail and telephone service in furtherance of its collection of debts alleged to be due another.

19.  The acts of Forster alleged herein were performed by its agents, employees, officers and directors acting within the scope of their actual or apparent authority.

20.  All references to "Defendant" or "Forster" shall mean the Defendant or an employee of said Defendant.

21.  John Does 1-10, are individuals or business entities whose identities are not known to Plaintiff at this time, but will become known upon proper discovery. It is believed and averred that such Does played a substantial role in the commission of the acts described in this complaint.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Subject Debts

22. The Plaintiff allegedly incurred and later allegedly defaulted on two debts to Capital One Bank (USA) N.A. in the amount of $4,680.87 and $3,609.59, respectively. Said alleged debts will hereinafter be referred to as "the Subject Debts."

23. The Plaintiff is, at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

24. The Subject Debts are each a "debt" as that term is defined by 15 U.S.C. § 1692a(5), as each arose out of a transaction in which, money, service or property, that was the subject of the transaction, was primarily for personal, family and/or household purposes.

25. That upon information and belief, Forster was employed by Capital One Bank (USA) N.A. to collect the Subject Debts.

### B. Forster Engages in Abusive and Deceptive Tactics

26. In early 2008, Forster brought a legal action against the Plaintiff and obtained a judgment in the amount of $4,680.87. The legal action was brought in the Supreme Court of the State of New York for the County of Broome. The Plaintiff did not reside in Broome County at the time of the commencement of the action. The Plaintiff did not sign the contract sued upon in Broome County. Plaintiff was never properly served with the Summons and Complaint filed by Forster.

27. Forster obtained the judgment for $4,680.07 after the account had been paid in full as the result of "the Hess Kennedy settlement." Forster obtained the judgment on November 4, 2008. The creditor, Capital One (USA) N.A., recalled the account from Forster on November 11, 2008, because it had been paid in full as part of "the Hess Kennedy settlement." Notwithstanding this, Forster took no steps to withdraw or vacate the judgment, which was ultimately entered by the Broome County court on November 17, 2008.

28. From November 17, 2008, until July 6, 2011, Forster allowed the judgment against Plaintiff to remain on the docket, as unsatisfied, despite having actual knowledge that the judgment had been satisfied and settled as part of "the Hess Kennedy settlement."

29. On January 6, 2011, Forster brought a second legal action against Plaintiff in the Supreme Court of the State of New York for the County of Broome. The Plaintiff did not reside in Broome County at the time of the commencement of the action. The Plaintiff did not sign the contract sued upon in Broome County. The Plaintiff did not learn of this lawsuit until being served with the Summons on February 7, 2011. Forster obtained a judgment against the Plaintiff in the amount of $3,609.59 on April 4, 2011.

30. From April 4, 2011, until July 6, 2011, Forster sent numerous letters attempting to collect the judgment entered on April 4, 2011.

31. Forster does not have procedures in place to determine the jurisdiction where the targets of its collection lawsuits reside. Forster does not

have procedures in place to determine the jurisdiction where the consumer signed the contract sued upon. Forster does not have procedures in place to ensure that its collection lawsuits are only brought in a jurisdictions where the consumer resides at the time of the commencement of the action or where the consumer signed the contract sued upon.

### C. Plaintiff Suffered Actual Damages

32. As a result of Forster's acts, Plaintiff became angered, distressed, frustrated, and otherwise suffered from emotional distress.

33. As a direct consequence of the Forster's acts, practices and conduct, the Plaintiff suffered and continues to suffer from emotional distress, anger and frustration.

### COUNT I
### Violation of Fair Debt Collection Practices Act
### 15 USC 1692, *et. seq.*

34. Plaintiff hereby incorporates by reference the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

35. In its attempts to collect the Subject Debts, Forster violated the FDCPA by bringing two separate legal actions on a debt against the Plaintiff in a jurisdiction that was not the jurisdiction in which the Plaintiff resided at the time of the commencement of the action and was not the jurisdiction where the Plaintiff signed the contract sued upon.

36. In its attempts to collect the Subject Debts, Forster violated the FDCPA by harassing the Plaintiff through the use of repeated letters attempting

to obtain payment on the April 4, 2011, judgment.

37. In its attempts to collect the Subject Debts, Forster violated the FDCPA by using unfair or unconscionable means to obtain payment on the judgments that were improperly obtained on November 4, 2008, and April 4, 2011.

38. In its attempts to collect the Subject Debts, Forster violated the FDCPA from November 17, 2008, until July 6, 2011, by allowing a judgment in the amount of $4,680.87 to remain on the docket, and unsatisfied, despite having actual knowledge that the account at issue in the judgment had been recalled by the creditor on November 11, 2008, and settled as part of "the Hess Kennedy settlement." In this manner Forster attempted to collect an amount from Plaintiff not permitted by law.

39. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from emotional distress, anger and frustration.

## COUNT II
### Violations of New York GBL §349
### Engaging in Unlawful Deceptive Practices and Acts

40. Plaintiff hereby incorporates by reference the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

41. The acts, practices and conduct engaged in by the Defendants and complained of herein constitute "deceptive acts and practices" within the meaning of Article 22-A of the General Business Law of the State of New York,

NY GBL § 349.

42. The Defendant willfully and knowingly engaged in conduct constituting deceptive acts and practices in violation of NY GBL § 349.

43. The Plaintiff is a person who has been injured by reason of a violation of NY GBL § 349 and has suffered and continues to suffer actual damages as a result of the foregoing acts and practices, including damages associated with, among other things, emotional distress, anger and frustration caused by the Defendants.

44. By virtue of the foregoing, the Plaintiff is entitled to recover actual damages, trebled, together with reasonable attorney's fees.

WHEREFORE, Plaintiff, David D. Miller, respectfully prays for a judgment against Defendant as follows:

    a. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $2,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. Statutory damages of $100.00 and actual damages, both trebled, pursuant to NY GBL § 349(h).

    d. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and NY GBL § 349(h);

    e. Punitive damages in such amount as is found appropriate, and

    f. For such other and further relief as may be just and proper.

## **JURY DEMAND**

Pursuant to Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his claims in this action.

Dated: February 2, 2012                    Respectfully Submitted,


                                        */s/ E. David Hoskins*
                                        E. David Hoskins, Bar No. 516554
THE LAW OFFICES OF E. DAVID HOSKINS, LLC
Quadrangle Building at Cross Keys
2 Hamill Road, Ste. 362
Baltimore, Maryland 21210
(410) 662-6500 (Tel.)
(410) 662-7800 (Fax)
dhoskins@hoskinslaw.com